IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLORIA H. SHIN,

    Plaintiff,

v.

    Civil Action No.: JKB-24-1374

STATE OF MARYLAND, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

Pro se Plaintiff Gloria Shin filed a Complaint together with a Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) She also filed an Amended Complaint. (ECF No. 7.) Ms. Shin will be required to show cause why her Complaint and Amended Complaint should not be dismissed for failure to state a claim. She will also be directed to provide additional information her Motion to Proceed in Forma Pauperis.

The Court concludes that dismissal is likely appropriate, given that the Complaint and Amended Complaint are frivolous or, at a minimum, fail to state a claim. As the Fourth Circuit has explained, "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court[.]" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). A court can also dismiss a complaint sua sponte for failure to state a claim. *Webb v. E.P.A.*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).

Ms. Shin's original Complaint is deficient in several respects and difficult to follow. As an initial matter, it does not appear that she has named the correct defendants. She names as defendants the State of Maryland and "Color of law agent (including Municipalities) Jane and John Doe(s)." (ECF No. 1 at 1.) However, her Complaint appears to attempt to bring employment discrimination claims against Johns Hopkins and possibly the University of Maryland. (*See, e.g.*, *id.* at 5 ("Here is a brief summary of four separate events of misconduct in the workplace . . ."); *id.* ("During this employment, I experienced discriminatory language from a supervisor[.]"); *id.* at 6 ("I reported my experiences in the 2020-2021 employment period to EEO[.]").) Thus, her Complaint is deficient in that it appears to name the wrong defendants.

To the extent that she seeks to assert employment-related claims, Ms. Shin fails to state a claim. It is not at all clear from her Complaint what her employers did (or did not do) that rises to the level of a claim. Her Complaint is replete with allegations such as the following: "I experienced what appeared to be experimental sabotage with an agar dilution plate experiment where it seemed what it appeared that plates of increasing concentrat[io]n of antibiotics had been potentially intentionally switched (supplemental S2)." (ECF No. 1 at 13.) It is simply unclear how any of her allegations amount to a claim of employment discrimination. Accordingly, her Complaint is deficient in that she fails to state any employment-related claims.

In addition, Ms. Shin states that she is filing her Complaint pursuant to 42 U.S.C. § 1983 for violation of her due process and equal protection rights under the Fourteenth Amendment. (ECF No. 1 at 1.) 42 U.S.C. § 1983 requires a plaintiff to allege that a federal right has been violated by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). She makes some vague references to the State and to due process violations and property deprivations,

(*see, e.g., id.* at 4), but it is not clear from her Complaint what federal rights may have been violated, nor that anyone was acting under color of law.

Ms. Shin's Amended Complaint fares no better, and is similarly deficient. (*See generally* ECF No. 7.) She again names the State of Maryland and "Color of law agent (Municipalities) Jane and John Doe(s)" as Defendants. (*Id.*) She again appears to raise issues with her employment at Johns Hopkins and the University of Maryland, but also appears to take issue with her housing. (*Id.*) Like the original Complaint, her Amended Complaint is very difficult to follow, and does not state a claim against any possible defendants, let alone the named defendants.

Thus, for the foregoing reasons, the Court will direct Ms. Shin to show cause why her Complaint and Amended Complaint should not be dismissed. She is forewarned that her failure to show cause will result in the dismissal of her case.

In addition, Ms. Shin used a form Motion to Proceed in Forma Pauperis to seek waiver of the filing fee in this case. (ECF No. 2.) Most of the pertinent information requested on the form, such as employment history, the amount of cash available in bank accounts or other financial institutions, assets owned, persons or businesses owing Ms. Shin money, persons who rely on Ms. Shin for support, and monthly expenses, has not been provided. (*See id.* at 2–4.) The Court therefore is unable to determine whether the Motion should be granted, so she will be given an opportunity to provide a more complete motion or to pay the full filing fee.

Accordingly, it is ORDERED that:

1. Ms. Shin is DIRECTED to SHOW CAUSE by June 13, 2024 why her Complaint and Amended Complaint should not be dismissed;

2. Ms. Shin IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice;

3. Ms. Shin is DIRECTED to supplement her Motion to Proceed in Forma Pauperis by June 13, 2024; and

4. The Clerk IS DIRECTED to MAIL a copy of this Order to Ms. Shin.

Dated this 28 day of May, 2024.

FOR THE COURT:

James K. Bredar
United States District Judge