IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLORIA H. SHIN, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-1374 |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pro se Plaintiff Gloria Shin filed a Complaint, an Amended Complaint, and a Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2, 7.) The Court directed her to show cause why this case should not be dismissed for failure to state a claim, and to provide additional information with respect to her Motion to Proceed in Forma Pauperis. (*See* ECF No. 8.) She has filed a Second Amended Complaint (ECF No. 11) and various other supplements and correspondence (ECF Nos. 9, 10, 12, 13, 15.) This case will be dismissed.

As the Court previously explained, the Complaint and Amended Complaint are frivolous or, at a minimum, fail to state a claim. Further, "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court[.]" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). A court can also dismiss a complaint *sua sponte* for failure to state a claim. *Webb v. E.P.A.*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to *sua sponte* dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). The Court therefore forewarned Ms. Shin that

her Complaint and Amended Complaint were deficient, and provided her an opportunity to show cause why her case should not be dismissed. (ECF No. 8.)

The Second Amended Complaint (ECF No. 11), filed in response to the Court's Order, is comparable to the Complaint and the Amended Complaint and is similarly deficient. She brings claims against Johns Hopkins, Michael Yao, the Maryland Department of Health, and unidentified individuals denominated as Does 1 through 100. (*Id.* at 1.) She brings claims pursuant to 42 U.S.C. § 1983 for "Unequal Protection of the Law [] and Failure to Provide Due Process through Notice or hearing"; for "Wrongful Termination at the Nexus of Public Policy: Domestic Violence and the Workplace"; and for retaliation. (*Id.*) She also states that she seeks damages "to remedy violations of civil rights, violations of fraud, defamation, gross negligence, retaliation, and for violations of Americans with Disabilities Act (employment, State and local government, public accommodations, commercial facilities, transportation, and telecommunications) and Rehabilitation Act of 1973." (*Id.*)

The Court has carefully reviewed Ms. Shin's 155-page Second Amended Complaint, as well as the supplements she has filed. In short, Shin does not sufficiently allege any cognizable causes of action. Her allegations evince that she has various grievances regarding her former employers, but she does not sufficiently allege any facts that suggest that any of these grievances rise to the level of a federal cause of action. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action

does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a). Ms. Shin has failed to satisfy these requirements. Ms. Shin was previously forewarned that her failure to show cause why her claims should not be dismissed would result in the dismissal of her case. Her claims will be dismissed, and the Clerk will be directed to close this case.

Further, Ms. Shin was directed to supplement her Motion to Proceed in Forma Pauperis. (*See* ECF No. 8.) She filed a supplement, but it is deficient. (*See* ECF No. 12.) However, because her claims will be dismissed, the Court will not require her to correct this deficiency and will not require her to pay a filing fee.

Accordingly, it is ORDERED that:

1. Ms. Shin's claims are DISMISSED;
2. Ms. Shin SHALL NOT BE REQUIRED to pay a filing fee;
3. The Clerk is DIRECTED to CLOSE this case; and
4. The Clerk IS DIRECTED to MAIL a copy of this Order to Ms. Shin.

Dated this 25 day of June, 2024.

FOR THE COURT:

_____
James K. Bredar
United States District Judge